## Commonwealth v. Harvey

*W. Edward Bushong, Jr.,* for Commonwealth.

*John E. Good,* for defendant.

MARRONE, J., May 28, 1971.—In this appeal, Paul H. Harvey questions the withdrawal of his motor vehicle privileges by the Secretary of the Pennsylvania Department of Transportation until he shall post security or furnish a release from the other

party involved with him in a certain motor vehicle accident which occurred on June 12, 1970, in West Bradford Township, Chester County, Pa. The order suspending appellant's motor vehicle privileges was dated October 2, 1970, and was based on the fact that at the time of the accident appellant carried no liability insurance. He was subsequently notified that until such time as there should be filed a certified check, money order or surety bond in the amount of $10,000 security to be applied to any judgment or judgments for damages resulting from the accident or until such time as he obtained a proper release for damages from all aggrieved parties, his operator's license and automobile registration should be returned to the Commissioner of Traffic Safety of the Commonwealth of Pennsylvania. None of these conditions having been met, appellant was advised on or about October 28, 1970, of the withdrawal of his motor vehicle privileges effective November 6, 1970, pursuant to the provisions of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1404, as amended, 75 PS §1404. From this action of the Secretary of the Pennsylvania Department of Transportation, an appeal was filed on November 5, 1970.

At the hearing on the appeal, the Commonwealth offered into evidence various certified copies of the records of the secretary of the department, including, inter alia, a certificate of the "evaluator's worksheet," a certificate showing no insurance coverage, a letter from the secretary setting the required security at $10,000, a notice of the suspension and a copy of appellant's driving record. Appellant presented no testimony.

The petition on appeal sets forth that appellant has a defense to any civil action which may arise out of the accident and, therefore, may not be held

liable to any person in any manner, that the secretary failed to make an adequate investigation or secure adequate information pertaining to the accident, that the amount of security demanded is excessive and that appellant is in need of his operating privileges in that the support of his family depends on his being permitted to operate a motor vehicle. In addition, appellant argues that the act is unconstitutional in that it is violative of due process.

The financial responsibility section of The Vehicle Code in Pennsylvania has come under attack, primarily on the question of whether or not the statutory scheme as presently set forth works a denial of due process to an operator who is uninsured at the time of an accident. It is advanced that there is no determination of the question of liability prior to a suspension.

At argument in this matter, counsel for the appellant relied on Miller v. Depuy, 307 F. Supp. 166 (D.C. E.D. of Pa., 1969) as authority that section 1404 is unconstitutional. However, that case arose under a section of The Vehicle Code involving suspensions of operating privileges against persons who are financially unable to pay a judgment already entered against them arising out of a motor vehicle accident. We find that case inapplicable to the instant situation. However, at the time of argument, there was pending before the Supreme Court of the United States an attack on the Motor Vehicle Safety Responsibility Act of the State of Georgia. This matter was decided by the Supreme Court of the United States on May 24, 1971: Paul J. Bell, Jr. v. R. N. Burson, Director, Georgia Department of Public Safety, 402 U.S. 535 (1971). In that case, there was a direct attack on the grounds that the Georgia statute violated the due process provisions of the fourteenth amendment of the Consti-

tution of the United States and the Supreme Court so held.

We have examined the holdings in that case in which there was an extensive discussion of the requirements of due process. The Supreme Court held that procedural due process in such cases would be satisfied by an inquiry limited to the determination of whether there is a reasonable possibility of judgments in the amounts claimed being rendered against the licensee. It left to the States alternative methods of compliance with the due process requirements in cases of suspensions of motor vehicle privileges arising out of accidents. The court succinctly stated that it is fundamental that, except in emergency situations, due process requires that when a State seeks to terminate an interest such as that involved in that case, it must afford "notice and opportunity for hearing appropriate to the nature of the case" before the termination becomes effective. While the Supreme Court held the Georgia statute was unconstitutional, it did so because it deprived the petitioner of his driver's license before the determination of the question of whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident. The court then set forth several alternative methods of compliance with its due process requirements. Among these was the alternative that a State may elect to postpone such a consideration, i.e., on the reasonable possibility of a judgment being rendered against him, to the de novo judicial proceedings on appeal from the administrative hearing. There were further alternative methods discussed which need not be set forth for purposes of this case.

Having examined the various alternatives and having further examined the Georgia statute involved, we

see significant differences in that statute and our own insofar as the due process question is concerned. Primarily, it was obvious that the administrative hearing precluded any evidence on liability or lack of it in Georgia. In addition, although the Georgia statute provided for an appeal to its Superior Court and that the hearing on appeal would be a de novo hearing, the statute further indicated that "such appeal shall not act as a supersedeas of any orders or acts of the Director nor shall the appellant be allowed to operate or permit a motor vehicle to be operated in violation of any suspension or revocation by the Director while such appeal is pending."

Our own statute differs in that respect. Section 1401(b) permits any person aggrieved by an order or act of the secretary under the provisions of the financial responsibility section of the code to file a petition with the court of common pleas within 45 days after notice thereof. On the filing of such a petition the section provides for a trial de novo to determine whether such order or act is lawful and reasonable. Furthermore, there is a provision for a stay or a supersedeas of the order of the secretary. In the instant case, there was such a supersedeas entered. Appellant has not been without his operating privileges which under the Georgia statute involved in Bell v. Burson, supra, would not have been the case. Accordingly, appellant has not been deprived of his operating privileges as yet.

Since the Supreme Court has indicated that the question of whether or not there is a reasonable possibility of judgment being entered may be determined at a hearing de novo, we are of the opinion that we need not declare the Pennsylvania statute unconstitutional as it relates to vehicle safety responsibility. In view of the fact that the court on appeal may, and in this case did, stay the suspension and will now deter-

mine whether the order is lawful and reasonable, we find that this has accorded appellant the due process to which he is entitled.*

The only issue then is whether at the administrative level or at the hearing de novo the Commonwealth has produced evidence that there is a reasonable possibility of a judgment being entered against this operator. There was no evidence presented on the reasonable possibility of liability nor on the question of how the secretary arrived at the amount of the required security. There was admitted into evidence a certificate of the evaluator's worksheet which sheds no light on either the question of liability or the possible damages. The Commonwealth not having met the burden of proof in that regard before this court, we have no recourse but to set aside the action of the Secretary of the Department of Transportation of this Commonwealth.

### ORDER

And now, May 28, 1971, the court finds that the Secretary of the Pennsylvania Department of Transportation erred in suspending the operating privileges of Paul H. Harvey. The appeal is sustained and the Secretary of the Department of Transportation is ordered to reinstate said operating privileges.

* The court is of the impression that there is now pending before the United States Court of Appeals for the Third Circuit a matter attacking the constitutionality of section 1404.